UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-14065-CR-MARTINEZ/LYNCH(s)

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ANTHONY MARK ROGERS,

 Defendant.

_____/

FILED by _____ D.C.

MAY 30 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 12-1900]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the attachments made thereto in support the requested amount of fees, and Mr. Chapman's letter of explanation, and this Court otherwise being advised in the premises recommends to the District Court as follows:

 1. Counsel for the Defendant seeks reimbursement of 3.5 hours of in-court time at the rate of $125 an hour for a total sum of $437.50. Further, counsel for the Defendant seeks reimbursement of 83.7 hours of out-of-court time at $125.00 an hour for a total of $10,462.50. In addition, travel expenses in the amount of $804.16 and charges for collect calls from the Defendant Rogers in the amount of $21.25 are sought to be reimbursed. This brings the total amount of the requested fees to $11,725.41 as previously reviewed by the CJA Administrator.

 2. This Court has reviewed the voucher, the time records attached, as well as Mr. Chapman's letter. This Court is familiar with this case since it conducted all pretrial proceedings, including the hearing on the Defendant's change of plea.

3. The Defendant was originally charged by Indictment with four counts. Those counts were: (Count One) conspiracy to interfere with commerce by threats or violence/robbery; (Count Two) attempt to interfere with commerce by threats or violence/robbery; (Count Three) conspiracy to use, carry and possess a firearm in furtherance of a crime of violence; and (Count Four) using, carrying and possessing a firearm in furtherance of a crime of violence. The grand jury returned a Superseding Indictment in this case. The Defendant Rogers was charged with the same four counts. No additional charges nor changes were made from those charges in the original Indictment as to the Defendant Rogers. Additionally, the penalties were identical to those from the original Indictment.

4. This case started with a Criminal Complaint upon which the Defendant was arrested on or about September 11, 2012. The Defendant appeared before this Court for his initial appearance and appointment of counsel on or about September 12, 2012. Mr. Chapman was appointed by Order of the Court subsequent to the Defendant's initial appearance. The Defendant was detained subsequent to a pretrial Detention Order entered September 18, 2012.

5. The original Indictment was returned in this case and the Defendant was arraigned on that Indictment by this Court on September 21, 2012. Subsequently thereto, a Superseding Indictment was returned and the Defendant was arraigned on that Superseding Indictment by this Court on November 29, 2012.

6. There were no extensive hearings in this case. There were two motions for appointments of investigator and experts which this Court resolved by way of the pleadings. There was no status conference in this case since the Defendant requested that it be cancelled.

7. There were three discovery responses from the government to the Defendant prior to the time that the Defendant entered his plea of guilty before this Court on January 24, 2013. That change of plea hearing was conducted by this Court pursuant to a plea agreement and a stipulated factual basis more particularly referenced in the record. Pursuant to that plea agreement, the Defendant pled guilty to Count Four of the Superseding Indictment with a recommendation that the government would dismiss the remaining three counts at the time of sentence.

8. There were subsequent discovery responses reflected in the record which were provided by the government to the co-defendants in this case. All of those discovery responses were subsequent to the Defendant entering his plea of guilty before this Court. The Defendant was thereafter sentenced by the District Court on or about May 9, 2013 to a period of eighty-four (84) months incarceration to be followed by three years of supervised release.

9. This is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Additionally, it is not necessary for this Court to conduct an evidentiary hearing since this Court conducted all of the pretrial proceedings in this case including acceptance of the Defendant's guilty plea at a change of plea hearing. This Court is very familiar with the underlying facts starting with the Complaint through the Defendant's change of plea.

10. The attorney's fees sought by Mr. Chapman exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). This Court must therefore determine whether there is justification to waive or exceed that statutory cap which is $9,700.00 in this case. The Court must determine if this matter was "extended" or "complex" as defined in the statute and the case law. An extended case is one requiring more time than normal under similar facts and

circumstances. A complex case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than the normal case would require. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States of America v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

11.     This case proceeded in normal fashion. There were no extensive hearings. The only hearings involved in this case were the Defendant's initial appearance, pretrial detention hearing, two arraignments and his change of plea hearing before this Court. Subsequently, the Defendant did appear for sentencing before Judge Martinez. Therefore, there was not extensive in-court time involved as is reflected by Mr. Chapman's request for reimbursement of 3.5 hours of in-court time.

12.     Based upon the entire record, this Court cannot in good faith find that this matter was complex as set forth in the definition. Mr. Chapman regularly appears before this Court and is an extremely qualified criminal defense attorney. However, the charges in this case stemmed from what in the vernacular would be referred to as a "home invasion" by the Defendant and co-defendants. The Defendant was arrested at or very near the scene of the crime when law enforcement responded. While there may have been extensive documentation or discovery to review by Mr. Chapman, this alone does not make the case complex. In fact, prior to the Defendant's change of plea hearing, there were only three discovery responses and several notices of expert witness testimony the government intended to present at trial. There is nothing in the record before this Court which would indicate that the matter was highly unusual to such a degree that it would be necessary for this Court to find it was, in fact, "complex" as defined above.

13.     Additionally, this Court does not believe that the matter fits within the definition of being an "extended case." The total time involved from the Defendant's initial appearance

in September of 2012 through the time of his change of plea in January of 2013 was a little over four months. Sentencing was then set for four months hence and this Court is certain that there were matters which Mr. Chapman had to address in the interim. However, from beginning to end this case did not exceed eight months in duration.

14. This Court appreciates the services which were provided by Mr. Chapman to the Defendant Rogers in this case as well as Mr. Chapman's willingness to serve on the Criminal Justice Act list of attorneys to provide legal services to indigents when there is a conflict with the Federal Public Defender's Office. However, this Court has a gatekeeper function as well which must be balanced in reviewing matters such as this. In doing so, this Court is not specifically excluding any particular amount of time devoted by Mr. Chapman. However, the 52 hours which Mr. Chapman seeks to have reimbursed to him which were spent on interviews and conferences seems to be a little high due to the nature of this particular case.

15. In reviewing matters such as this, this Court must balance the right of court appointed counsel to receive adequate compensation for representation given to a particular indigent defendant, such as the Defendant Rogers, with the understanding and realization that there are limited CJA funds available in this district and nationwide for payment of such services. This Court must make certain that defense counsel is adequately compensated for his representation in this matter. In addition, this Court must make certain that such amounts exceeding the statutory cap, as requested in this case, are not paid unless there is sufficient justification under the applicable case law and statutory framework of the CJA program. If this Court, and other courts, did not provide this gatekeeper function, there would be a severe impact on the availability of CJA funds to indigent defendants in the future.

16.     By reducing the amount sought by Mr. Chapman to the statutory cap of $9,700.00, this Court is not calling into question any of the time records which Mr. Chapman has submitted in support of his application. This Court is making a determination that under the statutory framework and definitions applicable in cases of this type which this Court must adhere to, this case does not meet the definitions of either being "extended" nor "complex." Therefore, Mr. Chapman's recovery of attorney's fees is limited to the statutory maximum of $9,700.00 plus the travel expenses in the amount of $804.16 and other costs in the amount of $21.25, for a total sum of $10,525.41.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 12-1900 be **GRANTED** insofar as Mr. Chapman be awarded the statutory maximum of $9,700.00 as reasonable attorney's fees together with travel expenses in the amount of $804.16 and other costs in the amount of $21.24, for a total sum of $10,525.41.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 30 day of May, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Ronald S. Chapman, Esq.
Lucy Lara, CJA Administrator